IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ESTHER MARIE BATISTE** | § | **PLAINTIFF** |
| | § | |
| V. | § | Civil No. 1:15CV280-HSO-JCG |
| | § | |
| **GMAC INSURANCE COMPANY, et al.** | § | **DEFENDANTS** |

**ORDER GRANTING DEFENDANT GMAC'S MOTION [55] FOR SUMMARY JUDGMENT, DENYING ITS MOTION [53] TO DISMISS AS MOOT, AND GRANTING IN PART AND DENYING IN PART DEFENDANT NGIC'S IDENTICAL MOTIONS [36], [38] TO DISMISS**

BEFORE THE COURT are (1) two identical Motions [36], [38] to Dismiss filed by Defendant National General Insurance Company ("NGIC"), (2) a Motion [53] to Dismiss filed by Defendant GMAC Insurance Company ("GMAC"), and (3) a Motion [55] for Summary Judgment filed by Defendant GMAC Insurance Company. These Motions have been fully briefed.[1]

For the reasons that follow, after full consideration of the record and relevant legal authorities, the Court finds that GMAC's Motion [55] for Summary Judgment should be granted, thereby rendering its Motion [53] to Dismiss moot. GMAC will be dismissed as a Defendant in this case. The Court will further grant in part and deny in part Defendant NGIC's Motions [36], [38] to Dismiss, and dismiss all

---

[1] In a previous Order [47], the Court expressed concern over Defendant GMAC's certificates of service and record of serving Plaintiff with copies of its earlier Motions [7], [9], [11], [13], [15], [17], [20], [22], [24], [26], and the Court denied those Motions without prejudice. As to the Motions now before the Court, however, Plaintiff has received and had the opportunity to review them and has filed a Response as to each. *See* Pl.'s Resp.'s [59–62]; *see also* Aff. Donna Powe Green [63-1], at 1–3; Ltr.'s [63-1], at 9, 12 (documenting service of the instant Motions).

Plaintiff's claims against NGIC other than her State law claim for bad faith breach of insurance contract.[2]

I. BACKGROUND

On August 28, 2015, Plaintiff filed a Complaint [1] naming GMAC and NGIC as Defendants. Plaintiff alleges that her 2008 Cadillac Escalade was damaged in a hurricane on or about August 29, 2012. Compl. [1], at 4. Plaintiff claims that although she purchased a valid insurance policy, Defendants breached the insurance contract by failing to pay her claim to her satisfaction. *Id.* Plaintiff has attached correspondence regarding her insurance claim and repair estimates as exhibits to her Complaint. *See* Ex. A [1-1]. These attachments include a copy of a check from NGIC on GMAC stationary issued jointly to Plaintiff and the apparent lienholder, Navigator Credit Union, in the amount of $2,065.20. *Id.* at 20. Plaintiff also submits what appears to be an email estimate from Vince Whibbs Auto Group dated September 24, 2012, stating the total cost for her vehicle's repair as $24,804.93. *Id.* at 19.

In addition to asserting that Defendants breached the insurance contract, Plaintiff raises claims under 42 U.S.C. § 1983 for alleged violations of her rights under the First, Fourth, and Eighth Amendments, race and age discrimination, and

---

[2] NGIC's Motions [36], [38] to Dismiss also include Motions for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Since the Court will grant the Motions to Dismiss in part, the Court finds that a more definite statement is unnecessary. Plaintiff's only remaining claim is pled with sufficient factual particularity to allow NGIC to defend the claim and prepare a response.

unlawful employment practices. Compl. [1], at 2. Plaintiff also asks "the court to put in a order if settled or go to trial for 35% to Richard McBride Power house church of god holy ghost power, in the name of Jesus Christ." *Id.* at 6. Plaintiff does not explain what connection Mr. McBride would have to this civil action or how he would be legally entitled to any percentage of Plaintiff's damages.

NGIC and GMAC have taken the position that Plaintiff's insurance contract was with NGIC, and GMAC is simply a brand name that issues policies of insurance through underwriting companies like NGIC. *See* Aff. Martin Miller [36-1], at ¶¶ 3, 6; GMAC Mot. Summ. J. [55]. Moreover, NGIC and GMAC argue that the statements of fact in Plaintiff's Complaint are "so ambiguous as to be incomprehensible," making it difficult for them to defend this action or reasonably prepare responses. *See* NGIC Mot. Dismiss [36]; GMAC Mot. Dismiss [53].

## II. DISCUSSION

A.  Legal Standard

    1.  Motion to Dismiss

In order to survive a Rule 12 motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). When ruling on a Rule 12(b)(6) motion to dismiss a pro se complaint, the Court examines the entire complaint, including its attachments. *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005). However, even a pro se plaintiff seeking to avoid a Rule 12 dismissal must "allege sufficient facts to raise a right to relief above the speculative level." *Flynn v. CIT Grp.*, 294 F. App'x 152, 154 (5th Cir. 2008).

2. <u>Motion for Summary Judgment</u>

Summary judgment is proper when the "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a movant submits a properly supported motion for summary judgment, the nonmovant must go beyond the pleadings to provide specific facts showing that there remains a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 596 (5th Cir. 2007) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)

4

(en banc)).

B.     Plaintiff's State Law Bad Faith Breach of Insurance Contract Claim

    1.     As to NGIC

Construing Plaintiff's Complaint [1] together with her attached exhibits [1-1], *see Clark*, 119 F. App'x at 667, the Court finds that Plaintiff has sufficiently pleaded a State law claim for bad faith breach of an insurance contract against her insurer, NGIC.  NGIC acknowledges the existence of an insurance contract between it and Plaintiff.  Aff. Martin Miller [36-1], at ¶3.  Plaintiff alleges that the contract was breached in bad faith when NGIC failed to pay the claim to her satisfaction, and Plaintiff has submitted an estimate which she claims indicates that the payment NGIC previously made was insufficient.  *See* Ex. A [1-1].  Plaintiff has, therefore, alleged minimally sufficient facts to survive NGIC's Rule 12(b)(6) Motions [36], [38] to Dismiss as to her State law breach of contract claim, and NGIC's Motions [36], [38] will be denied in part to this extent.

    2.     As to GMAC

Plaintiff's breach of contract claim against GMAC, however, cannot survive GMAC's Motion [55] for Summary Judgment because Plaintiff has produced no competent evidence to establish that GMAC was a party to the contract.  Plaintiff argues that GMAC and NGIC are "affiliated together and both should be [e]qually liable for all [d]amages to the 2008 Cadillac Escalade and all other claims as a matter of [l]aw."  Resp. [61], at 5.  Plaintiff has not, however, produced any evidence to contradict the Affidavit of Martin Miller [36-1], which states that the policy of

5

insurance in this case was issued by NGIC, not GMAC, which is a brand name. Plaintiff has not shown any evidence that a triable issue of fact exists regarding GMAC's lack of a contractual relationship or other involvement with her insurance contract. Because Plaintiff has not produced evidence to establish that GMAC was ever a party to the contract, GMAC is entitled to summary judgment as to Plaintiff's bad faith breach of contract claim.

C. <u>Plaintiff's Federal Claims</u>

Turning to her federal claims, Plaintiff has failed to plead sufficient facts as to either Defendant to state a claim pursuant to 42 U.S.C. § 1983 for alleged violations of her rights under the First, Fourth, or Eighth Amendments, race and age discrimination, or unlawful employment practices. A § 1983 claim requires the presence of a state actor, but it is beyond dispute that both Defendants are private companies and not state actors. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994) ("To state a cause of action under § 1983, [a plaintiff] must allege that some person, acting under state or territorial law, has deprived him of a federal right.").

Similarly, a claim for unlawful employment practices, including race and age discrimination, requires at least the existence of an employment relationship. *See Deal v. State Farm Cty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n.2 (5th Cir. 1993) ("Determining whether a defendant is an 'employer' under Title VII or the ADEA involves a two-step process. First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff

and the defendant."). Plaintiff has not alleged that she is presently or was ever previously employed by either Defendant, and she has since confirmed that there was never an employment relationship between the parties. Resp. Show Cause Order [45], at 3. Because Plaintiff has not alleged sufficient facts to state a plausible claim to relief against either Defendant on her claims under federal law, *see Twombly*, 550 U.S. at 570, these claims will be dismissed.

### III. CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motions [36], [38] to Dismiss filed by Defendant National General Insurance Company are **GRANTED IN PART**, in that Plaintiff's federal claims against NGIC are dismissed with prejudice, and **DENIED IN PART**, in that Plaintiff's State law bad faith breach of insurance contract claim against NGIC will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [55] for Summary Judgment filed by Defendant GMAC Insurance Company is **GRANTED**. Plaintiff's claims against GMAC are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that GMAC's Motion [53] to Dismiss is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 9th day of March, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE